FILED
3/26/21 2:27 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Case No. 19-24114-GLT |
| : | Chapter 11 |
| **RIVERBEND FOODS LLC**, : | |
| : | |
| *Debtor*. : | |
| : | |
| **ALFRED T. GIULIANO, LIQUIDATION** : | Adv. Pro. No. 20-2069-GLT |
| **TRUSTEE FOR THE ESTATE OF** : | |
| **RIVERBEND FOODS LLC**, : | |
| : | |
| *Plaintiff*, : | Related to Dkt. Nos. 84, 93, 99-1, and 106 |
| : | |
| v. : | |
| : | |
| **INSIGHT EQUITY III LP, NORTHEAST** : | |
| **PROPERTIES LLC, NORTHEAST** : | |
| **PROPERTIES HOLDINGS, LLC,** : | |
| **RIVERBEND FOODS INVESTMENT** : | |
| **HOLDINGS LLC, RIVERBEND FOODS** : | |
| **HOLDINGS LLC, RIVERBEND FOODS** : | |
| **RESOURCES LLC, PNC INVESTMENT** : | |
| **COMPANY LLC, JACK WATERSTREET,** : | |
| **THOMAS LAVAN, WILLIAM HOOD,** : | |
| **BRAD BALKOVEC, TED W. BENESKI,** : | |
| **VICTOR VESCOVO, ELLIOT KERLIN,** : | |
| **PETER JONES, ANDREW BOISSEAU,** : | |
| **FRASER DESMOND, AND** : | |
| **WARREN BONHAM**, : | |
| : | |
| *Defendants*. : | |
| : | |

John R. Gotaskie, Jr., Esq.
Jesse M. Harris, Esq.
Fox Rothschild LLP
Pittsburgh, PA
*Attorneys for the Plaintiff*

Timothy P. Palmer, Esq.
Buchanan Ingersoll & Rooney PC
Pittsburgh, PA

Robin Russell, Esq.
Michael D. Morfey, Esq.
M. Kaylan Dunn, Esq.
Hunton Andrews Kurth LLP
Houston, TX
*Attorneys for Defendant Northeast Properties LLC*

**MEMORANDUM OPINION**

After Alfred T. Giuliano, the "Liquidation Trustee" for the estate of Riverbend Foods LLC ("Debtor"), sued Northeast Properties LLC to, among other things, recover an alleged fraudulent transfer under section 550 of the Bankruptcy Code,[1] he recorded a notice of lis pendens with respect to the real property underlying his claims. Northeast Properties now moves to strike the lis pendens, asserting that title to the property is not at issue because the *Complaint* only requests a monetary judgment for the value of the property, not the property itself.[2] The Liquidation Trustee opposes removal of the lis pendens, pointing to a bare citation to section 550 to establish the *Complaint* "plainly" implicates title.[3] Regardless, Northeast Properties insists the lis pendens still must be struck because it unfairly frustrates a proposed sale of the property.[4]

For background, it is enough to say that Northeast Properties holds title to the facility in which the Debtor operated its business and is one of many Debtor-affiliated entities under a common parent.[5] The fraudulent transfer claims concern how Northeast Properties came to hold title. As a practical matter, the existence of the lis pendens is not blocking a sale *per se*, but it effectively prevents Northeast Properties from dissipating any proceeds by paying most, if not all, to the Pension Guarantee Benefit Corporation ("PBGC") to release a first-position

---

[1] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific sections shall be to the Bankruptcy Reform Act of 1978, as thereafter amended, 11 U.S.C. § 101, *et seq*. All references to "Bankruptcy Rule" shall be to the Federal Rules of Bankruptcy Procedure.

[2] *Motion to Strike Lis Pendens* ("Motion"), Dkt. No. 84 at ¶ 10.

[3] *Response to Motion to Strike Lis Pendens* ("Response"), Dkt. No. 93 at ¶ 1; see also *Response to Defendants' Supplement to Motion to Strike Lis Pendens* ("Supplemental Response"), Dkt. No. 106.

[4] *Motion*, Dkt. No. 84 at 13.

[5] *Complaint*, Dkt. No. 1 at ¶¶ 53-63. The allegations of the *Complaint* are complex and involve many defendants, but none of those details are necessary to frame the dispute under the current procedural posture. Thus, the Court will forgo its usual practice of providing a factual narrative.

2

security interest on the property granted *post*-lis pendens.[6] Although the parties have clouded the issues considerably,[7] the Court finds the answer rests on two clear points: (1) section 550(a) entitles a trustee to recover fraudulently transferred property or the value of such property for the benefit of the estate;[8] and (2) the Liquidation Trustee did not intend to foreclose recovery of the property itself as an alternative to a monetary judgment. Thus, for the reasons set forth below, the Court will deny the *Motion*.

I.   **JURISDICTION**

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 157(a), 1334, and the Order of Reference entered by the United States District Court for the Western District of Pennsylvania on October 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

II.   **DISCUSSION**

To start, a lis pendens is merely "[a] notice, recorded in the chain of title to real property . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome."[9] Thus, a lis

---

[6]   *Supplement to Motion to Strike Lis Pendens* ("Supplement"), Dkt. No. 99-1 at 2-3; see also *Supplemental Response*, Dkt. No. 106 at ¶¶ 6-9.

[7]   While the content of the *Complaint* is at issue, the sufficiency of the pleadings is not. Therefore, the merit of the Liquidation Trustee's fraudulent transfer theory, which the Court has intentionally not described, is irrelevant to whether the lis pendens should be removed. Any perceived prejudice stemming from the relative weakness of the claim must be addressed through the proper procedural mechanism.

[8]   11 U.S.C. § 550(a).

[9]   LIS PENDENS, *Black's Law Dictionary* (11th ed. 2019); see McCahill v. Roberts, 421 Pa. 233, 237, 219 A.2d 306, 308 (1966) ("The initial basis of the application of the doctrine was one of constructive notice to all the world of the pending litigation."); Dice v. Bender, 383 Pa. 94, 97, 117 A.2d 725, 726–27 (1955) ("Strictly speaking, the effect of a lis pendens is not to establish actual liens upon the properties affected nor has it any application as between the parties to the action themselves; all that it does is to give notice to third persons that any interest they may acquire in the properties pending the litigation will be subject to the result of the action."); Barak v. Karolizki, 2018 PA Super 258, 196 A.3d 208, 221 (2018) ("It is a notice to curtail a future claim that someone took the land as a subsequent, bona fide purchaser for value, not subject to the result of the underlying litigation.").

pendens is only warranted "in cases involving the adjudication of rights in specific property,"[10] else "there is no reason to provide notice to a third party about the litigation."[11] It does not operate as a lien or an injunction,[12] but may nonetheless "discourage potential buyers from purchasing a piece of land [as] a consequence of market forces."[13]

Pennsylvania courts apply a two-part test to determine whether a lis pendens notice should be stricken.[14] The first step "is to ascertain whether title is at issue in the pending litigation."[15] If that prong is satisfied, then the court must "balance the equities," considering whether the lis pendens is "harsh or arbitrary," and whether its cancellation would prejudice the non-moving party.[16] In this case, Northeast Properties argues that both prongs militate towards removal of the lis pendens. The Court disagrees.

With respect to the first prong, the parties conceptually agree that a fraudulent transfer action *can* implicate title if the plaintiff seeks to recover the property itself.[17] The question as presented by Northeast Properties is whether the *Complaint* by its own terms actually does that. Both fraudulent transfer counts contain the following nearly identical text:

> Based upon the foregoing, the Transfer made by Debtor to [Northeast] Properties, through Debtor Affiliates, constituted a voidable transfer under 12 Pa. C.S.A. §§ 5104(a)[], 5105, and 5109(1), and are avoidable by the Liquidation Trustee pursuant to 11 U.S.C. § 544(b) and *recoverable from [Northeast] Properties pursuant to 11 U.S.C. § 550* and the Plan.

---

[10] Psaki v. Ferrari, 377 Pa. Super. 1, 3, 546 A.2d 1127, 1128 (1988).

[11] In re Foremost Indus., Inc., 2017 PA Super 37, 156 A.3d 318, 322 (2017).

[12] See Dice v. Bender, 383 Pa. at 97; Barak v. Karolizki, 196 A.3d at 221.

[13] Barak v. Karolizki, 196 A.3d at 221.

[14] Id. at 222.

[15] Id.; In re Foremost Indus., Inc., 156 A.3d at 322; Psaki v. Ferrari, 546 A.2d at 1128.

[16] McCahill v. Roberts, 421 Pa. at 239; Dice v. Bender, 383 Pa. at 98; Rosen v. Rittenhouse Towers, 334 Pa. Super. 124, 129, 482 A.2d 1113, 1116 (1984).

[17] See *Transcript*, Dkt. No. 102 at 12:1-3 (Mr. Morfey: "Your Honor, we certainly don't dispute that in a fraudulent transfer claim a plaintiff can seek to recover title."); *Response*, Dkt. No. 93 at ¶ 10 (citing cases holding that a fraudulent transfer action supports a lis pendens).

4

\* \* \*

>WHEREFORE, the Liquidation Trustee respectfully requests that the Bankruptcy Court enter judgment in the Liquidation Trustee's favor and against Insight, PNC, and Debtor Affiliates, jointly and severally:
>
>(a) declaring that the Transfer constitutes a voidable fraudulent transfer . . .
>
>(b) directing and ordering that [Northeast] Properties return to the Liquidation Trustee, the full value of, and *awarding judgment . . . in an amount equal to (i) the fair-market value of the Facility at the time of the Transfer*, and (ii) pre-judgment and post-judgment interest from the date of the Transfer through the date of the payment at the maximum legal rate; [and]
>
>\* \* \*
>
>(e) awarding the Liquidation Trustee such other and further relief as the Bankruptcy Court deems just and proper.[18]

Thus, the *Complaint* clearly alleges that the transfer is recoverable under section 550, which permits the recovery of the fraudulently transferred property or its value,[19] but the "wherefore" clause explicitly requests only one of those possible recoveries—the fair-market value of the property.

Even under the most generous reading, the *Complaint* does not *plainly* request recovery of the property. This is neither a matter of putting form over substance, nor a rigid insistence on the invocation of "magic words." To the contrary, the *Complaint* seemingly chooses one permitted recovery to the exclusion of the unexpressed alternative. At best, coupling the reference to section 550 with the prayer for "such other and further relief" may suggest a latent ambiguity evidenced by the lis pendens.

---

[18] *Complaint*, Dkt. No. 1 at ¶¶ 156-157; 174 (emphasis added).

[19] 11 U.S.C. § 550(a).

That said, splitting hairs over an obvious drafting error or omission is somewhat nonsensical under the circumstances. Regardless of what the *Complaint* actually says, the Liquidation Trustee could have sought recovery of the property under section 550 and apparently intended to do so, as evidenced by the lis pendens. With that in mind, he can move to amend the *Complaint* to correct this error,[20] and has already expressed a willingness to do so.[21] The rule itself instructs that leave to amend should be "freely give[n] . . . when justice so requires."[22] Because the purpose of the amendment would be to merely clarify the relief requested, the Court discerns no conceivable prejudice to Northeast Properties.[23] But, while a clarifying amendment is advisable for the record, the Court finds that title to the property is already implicated by the present adversary proceeding.

Turning to the second part of the inquiry, the Court concludes that the equities do not weigh in favor of striking the lis pendens. By Northeast Properties' admission, the *Motion* has been pressed as "principally a prong one issue."[24] During oral arguments, Northeast Properties struggled to explain how the perceived "harshness" is anything but the natural consequence of a lis pendens.[25] In reality, the lis pendens does not impede an arm's-length, fair-market value sale because the Liquidation Trustee offered to remove it so long as the sale

---

[20] Fed. R. Civ. P. 15(a)(2), made applicable to adversary proceedings by Fed. R. Bankr. P. 7015.

[21] Transcript of January 7, 2021 Hearing ("Transcript"), Dkt. No. 102 at 17:12-15.

[22] Fed. R. Civ. P. 15(a)(2). See Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006) (observing that the provisions of Rule 15 "ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of a claim.").

[23] "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d at 204 (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "[F]actors that may justify denial of leave to amend are undue delay, bad faith, and futility." Id. (citing Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

[24] *Transcript*, Dkt. No. 102 at 22:8-22.

[25] Id.

proceeds are escrowed.[26]  This option is unacceptable to Northeast Properties because the PBGC will not release its security interest on the property unless Northeast Properties pays approximately $22,000,000.[27]  The fact that a sale triggers the payment obligation is a self-inflicted wound since the security interest was granted after, and therefore subject to, the lis pendens.[28]  In contrast, the unconditional removal of the lis pendens would effectively deny the estate recourse to the property and its proceeds if the Liquidation Trustee were to prevail in this litigation.  Frankly, there is no justifiable reason to expose the estate's rightful creditors to the risk of nonpayment, particularly where the purpose of the alleged fraudulent transfer was to insulate the property for the benefit of the controlling interests.

### III.    CONCLUSION

In light of the foregoing, the Court will deny the *Motion*, but direct the Liquidation Trustee to file a clarifying amendment to the *Complaint*.  This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.  The Court will issue a separate order consistent with this opinion.

ENTERED at Pittsburgh, Pennsylvania.

_____
GREGORY L. TADDONIO
UNITED STATES BANKRUPTCY JUDGE

Dated: March 26, 2021

Case administrator to mail to:
John R. Gotaskie, Jr., Esq.
Timothy P. Palmer, Esq.
Robin Russell, Esq.
Michael D. Morfey, Esq.

---

[26] *Response*, Dkt. No. 84 at ¶ 2.
[27] *Supplement*, Dkt. No. 99-1 at 2-3.
[28] *Supplemental Response*, Dkt. No. 106 at ¶¶ 6-9.